## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| FRANK B. DAY and ARTHUR WONG,    )<br>    )<br>    Plaintiffs/Counterclaim Defendants,    )<br>    )<br>v.    )<br>    )<br>ROBERT WHITE a/k/a ROBERT W. WHITE,    )<br>    )<br>    Defendant/Counterclaimant.    )<br>_____)  | Civil Action No. 2013-0044 |

**Appearances:**
**Kevin A. Rames, Esq.,**
**Semaj I. Johnson, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs/Counterclaim Defendants*

**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant/Counterclaimant*

## **MEMORANDUM OPINION**

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiffs/Counterclaim Defendants Frank B. Day and Arthur Wong's ("Plaintiffs") "Motion for Entry of Partial Final Judgment" (Dkt. No. 105); Defendant/Counterclaimant Robert White's ("Defendant") Opposition thereto (Dkt. No. 106); and Plaintiffs' Reply (Dkt. No. 107). For the reasons discussed below, the Court will grant Plaintiffs' Motion for Entry of Partial Final Judgment.

## I.     BACKGROUND

### A. Factual Background

This case centers on various contracts between Defendant and Plaintiffs regarding Plot 132 of Estate Green Cay in St. Croix (the "Property"), which is explained in detail in the Court's Memorandum Opinion ruling on Summary Judgment and other motions. (Dkt. No. 67 at 2-7). The Court provides only a summary of the facts described therein.

In September 2000, Defendant acquired title to the Property and later obtained financing from various sources to design and build a luxury home on the Property for eventual sale. (Dkt. No. 53 at 3). On September 13, 2005, Plaintiffs and Defendant jointly borrowed $1,650,000 from the Bank of St. Croix (the "BSC Loan"), which was secured by a First Priority Mortgage on the Property. (Dkt. Nos. 18, Exh. 2 at 27-41, 44-46; 53 at 3-4). At the same time, Plaintiffs extended a credit facility to Defendant in the amount of $500,000 (the "Wong/Day Loan"), secured by a Second Priority Mortgage on the Property. (Dkt. No. 18, Exh. 2 at 48-65, Exh. 3 at 1-4).

In April 2006, Defendant was in arrears on both the BSC Loan and the Wong/Day Loan and had failed to obtain property and liability insurance for the Property as required under the BSC Loan. (Dkt. No. 18, Exh. 3 at 6). The parties negotiated a settlement in which Plaintiffs loaned Defendant an additional $300,000 and agreed to refrain from taking immediate legal action against him. *See id.* at 6-7. The additional $300,000 loan was consolidated with the original Wong/Day Loan and its accrued interest for a total of $842,008 (the "Amended Wong/Day Loan"). *Id.* at 7. The parties memorialized the terms of the settlement in: (1) a Settlement Agreement (*id.* at 6-14); (2) a Release Agreement (*id.* at 15-19); (3) a Security Agreement (*id.* at 20-32); and (4) a Deed in Lieu of Foreclosure (*id.* at 33-36).

The Settlement Agreement provided that "[w]hen the additional $300,000 loan proceeds have been exhausted, [Defendant] shall be solely responsible for paying any indebtedness owed to Bank of St. Croix." *Id.* at 7-8. The Settlement Agreement additionally provided that, if Defendant defaulted on payments due under either the Amended Wong/Day Loan or the BSC Loan prior to April 1, 2008, the Deed in Lieu of Foreclosure would be delivered to Plaintiffs; Defendant would lose all interest in the Property; and the Release Agreement would become effective. *Id.* at 8, 11-12, 15; (Dkt. No. 53 at 5).

Pursuant to the Release Agreement, if Defendant defaulted on his obligations in the Settlement Agreement and the Deed in Lieu of Foreclosure was delivered to Plaintiffs, Defendant would be released "from any and all liability and other obligations under the Wong/Day Loan Documents, subject to the provisions of [the Release] Agreement." (Dkt. No. 18, Exh. 3 at 15). However, upon the occurrence of certain events, Section 4.0 of the Release Agreement provided that the release of Defendant from his obligations under the Wong/Day Loan Documents would be void, and Defendant would be required to repay certain monies. *Id.* at 16. One such event was if Defendant acted as an adverse party to Plaintiffs in a suit relating to the validity of the Deed in Lieu of Foreclosure, the Amended Wong/Day Loan, or the BSC Loan. *Id.*

The additional $300,000 loan proceeds were disbursed, but Defendant failed to sell the Property by April 1, 2008, or otherwise pay off the BSC Loan or the Amended Wong/Day Loan. (Dkt. Nos. 21 at 3; 33 at 2). In November 2012, Plaintiffs sent a Certificate of Default to the escrow agent, which stated that Defendant was "in continuing default of his payment obligations under Section 2 of the Settlement Agreement." (Dkt. No. 18, Exh. 3 at 43-45). In accordance with the Settlement Agreement, the escrow agent delivered to Plaintiffs the Deed in Lieu of Foreclosure

(and with it the ownership of the Property), and the Release Agreement became effective. (Dkt. Nos. 21 at ¶ 15; 33 at ¶ 15).

In early April 2013, Plaintiffs paid the Bank of St. Croix $1,465,132.12, and the Bank of St. Croix "assigned" the BSC Loan to them. (Dkt. No. 18, Exh. 3 at 47-49, Exh. 4 at 4). Plaintiffs then demanded that Defendant pay "all of the amounts due and owing under the [BSC Loan]," given Defendant's commitment in the Settlement Agreement. (Dkt. No. 18, Exh. 4 at 6-7). When Defendant did not pay, Plaintiffs filed their Complaint in the instant matter for the debt and interest outstanding on the BSC Loan. (Dkt. No. 1). Later, Plaintiffs amended their Complaint to include the "full outstanding amount of the [Amended Wong/Day Loan]," based upon Defendant's filing of a counterclaim, which allegedly breached Section 4.1(a) of the Release Agreement and thereby entitled Plaintiffs to seek collection on the loan. (Dkt. Nos. 36 at 3; 23; 24 at 2-3).

### B. Procedural Background

On September 30, 2015, this Court entered an Order and Memorandum Opinion addressing all claims and granting summary judgment for Plaintiffs. (Dkt. Nos. 66; 67). Among other rulings, the Court found: (1) Plaintiffs were entitled to summary judgment on the BSC Loan ("Count One"); (2) Plaintiffs' Motion to Dismiss Defendant's Counterclaim should be granted, based upon Defendant's waiver in the Release Agreement; and (3) Plaintiffs were entitled to summary judgment concerning Defendant's Counterclaim ("Count Two"). (Dkt. No. 67 at 10). As to Defendant's liability for the BSC Loan, the Court concluded that "under the plain language of Section 2.1.2 [of the Settlement Agreement], at some point after April 2006 when the $300,000 was fully disbursed, Defendant became solely responsible for the debt outstanding on the BSC Loan" and that "[t]here is no provision in the Settlement Agreement by which the transfer of the Deed in Lieu of Foreclosure absolved Defendant of his sole responsibility for the BSC Loan upon

exhaustion of the $300,000 loan." (Dkt. No. 67 at 15-16). The Court went on to hold that "the Release Agreement did not relieve Defendant of his obligation for the BSC Loan or transfer Defendant's responsibility for the BSC Loan to Plaintiffs." *Id.* at 17.

As to Defendant's liability under the Amended Wong/Day Loan, the Court held that Defendant violated the terms of the Release Agreement and triggered Section 4.0 by filing his Counterclaim. *Id.* at 30. The Court held that "Plaintiffs are entitled to the relief set forth in [Section 4.0 of the Release Agreement], including payment by Defendant of the Amended Wong/Day Note." *Id.*

In its Order and Memorandum Opinion, the Court expressly withheld ruling on the amount of damages, pending further proceedings. *Id.* at 2; (Dkt. No. 66 at 2-3). Plaintiffs subsequently filed both a "Motion for an Award of Attorneys' Fees and Costs," in which they requested a total of $165,810.61 in attorneys' fees and costs (Dkt. No. 70 at 5), and a "Notice of Filing of Calculation of Amount Due on the Bank of St. Croix Promissory Note and Wong/Day Promissory Note" (Dkt. No. 71).

On June 12, 2017, the Court issued a Memorandum Opinion and Order that entered judgment in favor of Plaintiffs, awarding damages in the amount of $3,908,927.07 and post-judgment interest at the federal statutory rate, which began to accrue on June 13, 2017. (Dkt. Nos. 92; 93). The Court also awarded attorneys' fees, costs and expenses, totaling $115,623.00, plus post-judgment interest at the federal statutory rate commencing on June 13, 2017. (Dkt. No. 92 at 2). In short, the Court found that: (1) Defendant owed Plaintiffs the amount Plaintiffs paid to discharge the BSC Loan, minus fees assessed by the Bank of St. Croix, totaling $1,455,053.05 (Dkt. No. 93 at 21-22); (2) Defendant owed Plaintiffs the amount of the Amended Wong/Day Loan, and interest accrued up to the date the Release Agreement took effect (i.e., the day Defendant

5

filed his Counterclaim), totaling $2,453,874.02 (*id.* at 29-30, 34); (3) Defendant owed Plaintiffs $114,185.50 in attorneys' fees and $1,437.50 in costs and expenses (*id.* at 46, 51); and (4) Defendant owed Plaintiffs post-judgment interest at the federal statutory rate, accruing from June 13, 2017 (*id.* at 52).

Defendant timely appealed the Court's rulings and damage awards. (Dkt. No. 94). On December 10, 2018, the U.S. Court of Appeals for the Third Circuit heard argument, and thereafter affirmed in part and vacated and remanded in part "the order and judgment of the District Court of the Virgin Islands entered September 30, 2015, and the judgment of the District Court of the Virgin Islands entered June 12, 2017." (Dkt. No. 97 at 1). Specifically, the Third Circuit affirmed the judgment as to the Amended Wong/Day Loan and this Court's dismissal of Defendant's Counterclaim. *Day v. White*, 764 F. App'x 164, 168-69 (3d Cir. 2019). In addition, the Third Circuit vacated and remanded this Court's judgment as to the BSC Loan, holding that the theory upon which the Court awarded damages—breach of contract—was never pleaded, "so the Court could not properly grant [Plaintiffs] summary judgment on it." *Id.* at 166-68.

## II.  DISCUSSION

Plaintiffs now request that the Court enter a Partial Final Judgment in their favor under Fed. R. Civ. P. 54(b) ("Rule 54(b)") as to the Amended Wong/Day Loan. Plaintiffs argue that as to Count Two, "there is nothing more for the Judiciary to do," and the requirements of Rule 54(b) are satisfied. (Dkt. No. 105 at 2-4). First, they argue that Count Two qualifies as a final judgment, because the Court issued a judgment and ordered monetary relief in Plaintiffs' favor, and the Court's decision was affirmed on appeal to the U.S. Court of Appeals for the Third Circuit. *Id.* at 3. Second, Plaintiffs argue that "there is no just reason for delay." Fed. R. Civ. P. 54(b). In support, Plaintiffs assert that Count Two is "wholly separate and apart" from Count One (Dkt. No. 105 at

6

3), and judgment should be entered so that post-judgment interest will begin to accrue, which will "undeniably serve[] the ends of justice." *Id.* at 3-4 (quoting *Connecticut Yankee Atomic Power Co. v. United States*, 142 Fed. Cl. 87, 91 (2019)).[1]

Defendant opposes the Motion, arguing that the parties have reached a settlement in which Plaintiffs agreed that the judgment entered in the instant case would be satisfied if Defendant took certain actions, and that settlement agreement is currently being litigated before this Court in another case due to an alleged breach by Plaintiffs. (Dkt. No. 106 at 1-2). If Defendant prevails in that case, he argues that "there will be no basis for entry of a judgment in this case." *Id.* at 2. Defendant also argues that there is no basis for granting the Motion at this time because the award of attorneys' fees is outstanding. *Id.* Finally, Defendant argues that the Third Circuit's decision on Count One "removed the basis—on the merits—for summary judgment on Count Two," and further, that the Third Circuit "did not reach the merits" of Count Two. *Id.*; *see id.* (arguing that the Third Circuit's decision "did not preclude this Court from revisiting the issue on remand").

A. **Applicable Legal Principles**

Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

---

[1] The Court notes that Plaintiffs' argument regarding the accrual of post-judgment interest and their citation to *Connecticut Yankee* in this regard are inapposite here. In *Connecticut Yankee*, the Court of Federal Claims recognized its past jurisprudence, which held that "when an award does not accrue pre- or post-judgment interest," permitting plaintiffs to receive their due based on a final, irreversible portion of the judgment served the ends of justice. *Connecticut Yankee Atomic Power Co. v. United States*, 142 Fed. Cl. 87, 91 (2019). Here, unlike *Connecticut Yankee*, Plaintiffs' award accrues post-judgment interest based on this Court's judgment of June 12, 2017. *See* Section II.B., *infra*.

7

Fed. R. Civ. P. 54(b). Rule 54(b) was designed to "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975), *overruled on other grounds by Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 6-7, 9 (1980). The Third Circuit also explained that the Rule's purpose is to permit district courts to "separate out final decisions from non-final decisions in multiple party and/or multiple claim litigation in order to allow . . . immediate appeal." *Weiss v. York Hosp.*, 745 F.2d 786, 802 (3d Cir. 1984). But a Rule 54(b) entry of final judgment "may have consequences beyond allowing an immediate appeal as it may allow execution on a judgment, a procedure that otherwise might not be available." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 n.3 (3d Cir. 2012) (citation omitted).

In *Curtiss-Wright Corp. v. General Elec. Co.*, the Supreme Court explained that there are two criteria that must be satisfied when making Rule 54(b) determinations. 446 U.S. 1, 7-8 (1980). First, it must be determined that "there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citing *Curtiss-Wright Corp.*, 446 U.S. at 7-8). Second, the Court must find that "there is 'no just reason for delay.'" *Id.* In analyzing the second criterion, the Supreme Court held that "a district court must take into account judicial administrative interests as well as the equities involved," as such consideration "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp.*, 446 U.S. at 8 (citation omitted).

The Supreme Court went on to list factors that the district court properly considered under the second criterion, including: (1) "whether the claims under review were separable from the

8

others remaining to be adjudicated"; (2) "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once"; (3) whether "counterclaims were severable from the claims which had been determined in terms of both the factual and legal issues involved"; and (4) the "difference between the statutory and market rates of interest." *Id.* at 8-9, 11. The Third Circuit has noted other factors, including: "the possibility that the need for review might or might not be mooted by future developments in the district court" and "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Allis-Chalmers Corp.*, 521 F.2d at 364.

"The trial court must 'clearly articulate the reasons and factors underlying its decision to grant 54(b) certification.'" *Huff v. Comm'r of Internal Revenue*, Civ. A. No. 2010-026, 2012 WL 734229, at *2 (D.V.I. Mar. 2, 2012) (quoting *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir. 1992)). In weighing the factors, the district court has discretion, and its decision is reviewed for abuse of discretion. *Curtiss-Wright Corp.*, 446 U.S. at 12-13; *Elliott*, 682 F.3d at 227.

B.   Analysis

As a preliminary matter, the Court notes that there is some disagreement among courts as to whether Rule 54(b) applies where—as here—the Court of Appeals has affirmed a portion of a trial court's judgment and vacated and remanded the remainder of the claims. *See United States v. Philip Morris USA, Inc.,* 783 F.Supp.2d 23, 27 (D.D.C. 2011) (holding that Rule 54(b) only "'concerns the power of the trial court *before* appeal, [and] is not applicable' where the Court of Appeals has affirmed a portion of the judgment") (quoting *King Instrument Corp. v. Otari Corp.,* 814 F.2d 1560, 1563 (Fed. Cir. 1987) (emphasis in original)*; but see Jalapeno Prop. Mgmt., LLC*

9

*v. Dukas,* 265 F.3d 506, 513 (6th Cir. 2001) ("Rule [54(b)] must be complied with during all stages of litigation in the district court, not just the period before a first appeal."). If Rule 54(b) were deemed inapplicable, this Court's ruling on Count Two—in the amount of $2,453,874.02, plus post-judgment interest at the federal statutory rate from June 13, 2017 until the judgment is satisfied—would be rendered final by virtue of the Third Circuit's affirmance of this Court's ruling on the Amended Wong/Day Loan and its issuance of the mandate, notwithstanding the Circuit's reversal and remand of this Court's ruling on the BSC Loan. Even assuming, however, that a Rule 54(b) certification is necessary to render Count Two a final judgment, such a certification is appropriate under the circumstances here, and the same result would obtain.

Turning to the Rule 54(b) criteria, the Court first finds that its Order granting summary judgment to Plaintiffs on the Amended Wong/Day Loan (Dkt. No. 66), and its memorandum opinion and Order determining the accompanying amount of damages to which Plaintiffs are entitled (Dkt. Nos. 92; 93) constitute a final judgment, i.e., "an ultimate disposition on a cognizable claim for relief." *See, e.g., Devcon Int'l. Corp. v. Reliance Ins. Co.*, No. CIV. 2001-201, 2007 WL 4800356, at *3 (D.V.I. Dec. 21, 2007) (finding that its grant of summary judgment in favor of one defendant was a final judgment under Rule 54(b), given that it was a decision on cognizable claims on the merits, and the court was left only to execute the judgment). Plaintiffs amended their Complaint, adding the claim for the Amended Wong/Day Loan based on Defendant's filing of a counterclaim. (Dkt. No. 36 at 3). The Court then awarded Plaintiffs summary judgment on the merits of that claim based on the Release Agreement and entered judgment in Plaintiffs' favor in the amount of $2,453,874.02. (Dkt. Nos. 67 at 29-31; 93 at 34).

With regard to the second Rule 54(b) criterion, the Court finds there is no just reason for delaying the entry of judgment as to the Amended Wong/Day Loan, based on a number of

factors—primary among which is that the entry of partial judgment will not risk piecemeal appeals. The Third Circuit has already affirmed the Court's award of summary judgment on Count Two. *See Day v. White*, 764 F. App'x 164, 169 (3d Cir. 2019) ("So we will affirm the Court's summary judgment as to the Amended Wong/Day Loan."). Indeed, under the doctrine of the law of the case, this Court and the litigants are generally bound by that decision. *See Bankers Tr. Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985) ("It is axiomatic that on remand for further proceedings after [a] decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal.").

Partial judgment is also appropriate based on other factors. The claim for the Amended Wong/Day Loan is legally and factually separate from the claim for the BSC Loan in Plaintiffs' Second Amended Complaint. The Court awarded summary judgment on the Amended Wong/Day Loan based on Defendant's breach of the Release Agreement, which occurred when Defendant filed a counterclaim in this case. (Dkt. No. 67 at 30). In their Second Amended Complaint, Plaintiffs' current claim for the BSC Loan is based on Defendant's alleged breach of the Settlement Agreement, which Plaintiffs assert occurred when Defendant defaulted on paying amounts due under the BSC Loan and which led to Plaintiffs filing suit. (Dkt. No. 111 at 2-3). For the same reason, further proceedings on the BSC Loan claim will not moot its claim as to the Amended Wong/Day Loan. *Cf. Sussex Drug Prod. v. Kanasco, Ltd.*, 920 F.2d 1150, 1156 (3d Cir. 1990) (holding that certification was inappropriate when "[t]he possibility exists [] that the need to review the issues currently appealed may be mooted by future developments in the district court"). Finally, this litigation has been ongoing for over eight years. The Court's decision granting Plaintiffs' claim as to the Amended Wong/Day Loan was entered on September 30, 2015, and the damage award was entered on June 12, 2017. There is no just reason for delay in granting Plaintiffs relief on this

claim. *See Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 204 (3d Cir. 2006) (explaining that the District Court's grant of Rule 54(b) was not clearly unreasonable, *inter alia*, as the case had been litigated for nearly ten years, and it had been "approximately six years since the District Court entered its summary judgment order").

Defendant's arguments do not alter this Court's conclusion. The fact that the parties may have a separate action pending before this Court that involves an alleged breach of a settlement agreement pertaining to the judgment in this case does not change the fact that there is a final judgment in this matter as to the Amended Wong/Day Loan, nor is the possible need to revisit the issue of attorneys' fees—which is routinely handled separately—of any moment, because Plaintiffs are not seeking to pursue the separately calculated attorneys' fees award at this time.

Defendant also argues that: (1) the Third Circuit's decision as to Count One undermined the basis for this Court's summary judgment decision as to Count Two; and (2) the Third Circuit's decision on Count Two was not on the merits. Defendant's first argument—which appears to be premised on an alleged "breach-excusing-breach" argument—was specifically rejected by this Court. (Dkt. No. 67 at 29-30); *see id.* at 17-19 (concluding that because "the BSC Loan is not encompassed within the term 'Wong/Day Loan Documents,'" the Release Agreement did not apply to the BSC Loan). Further, the Third Circuit panel found, in the first instance, that Defendant had not preserved this argument on appeal and then rejected the argument for a second time by virtue of the denial of Defendant's Petition for Panel Rehearing. *Day*, 764 F. App'x at 169 n.7; (Dkt. No. 98). Defendant's attempt to revive this same argument in challenging the finality of the judgment on Count Two fares no better.

Defendant's second argument is also without merit. Defendant argued before the Third Circuit that Count Two was not before this Court on summary judgment, and that Plaintiffs'

12

alleged breach of the Release Agreement excused Defendant's breach. *Day*, 764 F. App'x at 168-69, 169 n.7. The Third Circuit dismissed both arguments, finding that Plaintiffs did, in fact, seek summary judgment on Count Two, and that Defendant failed to preserve the "breach-excusing-breach" argument. *Id.* The Third Circuit then "affirm[ed] [this Court's] summary judgment as to the Amended Wong/Day Loan." *Id.* at 169. Defendant now, in effect, cites his arguments to the Third Circuit that did not attack the merits of this Court's decision—or that purported to attack the merits without preserving the issue—to claim that the Third Circuit did not affirm this Court's decision on the merits of Count Two. Simply stated, Defendant's argument does not withstand scrutiny. Accordingly, the Court finds that Plaintiffs' Motion for Entry of Partial Final Judgement should be granted.

Finally, the Court's prior Opinion of June 12, 2017 determined that Plaintiffs were entitled to post-judgment interest under 28 U.S.C. § 1961. (Dkt. No. 93 at 51-52). Section 1961(a) states that:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment.

28 U.S.C. § 1961(a). Here, given that the Third Circuit affirmed this Court's June 12, 2017 judgment as to the Amended Wong/Day Loan, Plaintiffs are entitled to post-judgment interest as set forth therein.[2] Specifically, on June 13, 2017 the $2,453,874.02 in damages associated with the

---

[2] Everything to which Plaintiffs are entitled under Count Two—the Amended Wong/Day Loan—was supported by this Court's Order and judgment of September 30, 2015, and its damages judgment of June 12, 2017. *See Loughman v. Consol-Pennsylvania Coal Co.,* 6 F.3d 88, 97-100 (3d Cir. 1993). The appeal did not affect Plaintiffs' "ultimate right to recovery [for Count Two], nor the amount of that recovery." *Id.* at 99.

13

Amended Wong/Day Loan began accruing post-judgment interest at the federal statutory rate and continues to accrue interest until the judgment is satisfied. (Dkt. No. 93 at 51-52).

### III.   CONCLUSION

In view of the foregoing, the Court finds that there is no just reason for delay of final judgment as to the Amended Wong/Day Loan. Accordingly, assuming that a Rule 54(b) certification is necessary, the Court directs that partial final judgment be entered in Plaintiffs' favor as to the Amended Wong/Day Loan in the amount of $2,453,874.02, plus post-judgment interest accruing on that amount at the statutory rate from June 13, 2017 until the entire judgment is satisfied. An appropriate Order and Judgment accompanies this Memorandum Opinion.

Date:   January 13, 2022                              _____/s/_____
                                                      WILMA A. LEWIS
                                                      District Judge