**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DISTRICT OF ST. CROIX**

| | |
|---|---|
| **FRANK B. DAY and ARTHUR WONG**<br><br>    **Plaintiffs, Counterclaim-Defendants**<br>**v.**<br><br>**ROBERT WHITE a/k/a ROBERT W. WHITE**<br><br>    **Defendant, Counterclaim-Plaintiff** | **CIVIL NUMBER   13 - 44**<br><br>**BREACH OF CONTRACT** |

### MEMORANDUM IN SUPPORT OF MOTION FOR SUBSTITUTION

COMES NOW Petitioner Gina R. Day, by and though counsel, The Law Office of K.A. Rames, P.C. (Kevin A. Rames, Esq., of counsel) and for her Memorandum of Law in Support of her Motion for Substitution under and pursuant to Rule 25(a) of the Federal Rules of Civil Procedure, states as follows:

Frank B. Day, Plaintiff herein, died on August 13, 2025, during the pendency of this Civil Action, as documented in the Certificate of Death State File Number 1052025028499 from the State Registrar of Colorado.  The Certificate of Death is attached hereto as Exhibit A.  A Notice of Suggestion of Death with respect thereto was filed in this cause on April 15, 2026 [ECF 135].

Under and pursuant to those certain Letters Testamentary issued by the District Court of Boulder, Colorado as Case No 2025PR30626, of October 17, 2025 Gina R. Day was appointed as Personal Representative In the Matter of the Estate of Frank B. Day a/k/a Frank Bonar Day and Frank Day, deceased.  A certified copy of the Letters Testamentary is attached hereto as Exhibit B.

Memorandum In Support of Motion for Substitution
*Frank B. Day and Arthur Wong v. Robert White a/k/a Robert W White*
Civil No. 13-44
Page 2

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for the substitution of a proper party for a deceased party in those circumstances where he claim is not extinguished, as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party .... Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of death the action shall be dismissed as to the deceased party. Fed.R.Civ.P. 25(a)(1)

*see: Farrington v. Benjamin*, 100 F.R.D. 474, 475 (D.V.I. 1984)

Substitution under Rule 25 should be permitted if the moving party establishes the following: (1) the motion is timely; (2) the deceased party's claims were not extinguished upon death; and (3) the person to be substituted is a proper substitution for the deceased party. *Cuoco v. Palisades Collection, LLC*, No. 13-5692, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014). Courts have held that the language of Rule 25 is permissive. The decision to substitute a party lies within the sound discretion of this Court. *Watts v. Novartis Pharm. Corp.*, No. 5:08-cv-2354, 2015 WL 1456647, at *4 (N.D. Ohio Mar. 30, 2015) (citing *In re Baycol Prod. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010). *Howard v. Lilly, Tr. of Land End Invs. Tr.,* No. 3:17-CV-322, 2019 WL 342139, at *3 (E.D. Tenn. Jan. 28, 2019). Although the decision to substitute a party lies within a court's discretion, *see McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994), Rule 25 motions to substitute should be "freely granted." *Baycol*, 616 F.2d at 783 (citing Rule 25's advisory committee note of 1963). Rule 25 requires two affirmative steps to trigger the

Memorandum In Support of Motion for Substitution
*Frank B. Day and Arthur Wong v. Robert White a/k/a Robert W White*
Civil No. 13-44
Page 3

running of the ninety (90) day period: (1) a formal suggestion of death upon the record; and (2) service of other parties and nonparty successors or representatives of the deceased with a suggestion of death. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). In this cause, the Notice of Suggestion of Death was filed on May 15, 2026. With respect to service, Robert White *a/k/a* Robert W. White was served by service on his attorney in accordance with Federal Rule of Civil Procedure 5(b), which allows service via a court's electronic filing system. *Fugnetti v. Bird B Gone, Inc.,* No. SACV1900847CJCDFMX, 2020 WL 6526363, at *2 (C.D. Cal. Sept. 17, 2020).

A proper party for substitution under Fed.R.Civ.P. 25(a)(1) is "…either a successor of the deceased party" or "a representative of the deceased party's estate – a person lawfully designated by state authority to represent the deceased's estate." *Skov v. Skov, No. CV 2013-100, 2018 WL 11470478, at *2 (D.V.I. Jan. 31, 2018) citing Kernisant v. City of New York*, 225 F.R.D. 422, 429 n.6 (E.D.N.Y. 2005). In this matter, Gina R. Day is the proper party for substitution because she is the Court-Ordered Personal Representative of Frank B. Day pursuant to the Letters Testamentary submitted herewith.

Memorandum In Support of Motion for Substitution
*Frank B. Day and Arthur Wong v. Robert White a/k/a Robert W White*
Civil No. 13-44
Page 4

WHEREFORE, Petitioner Gina R. Day respectfully requests that she be recognized and

acknowledged as Plaintiff in this cause in the place and stead of Frank B. Day.

May 2, 2026                                          Respectfully submitted,

                                                    */s/ Kevin A. Rames, Esq.*
                                                    Kevin A. Rames, Esq
                                                    V.I. Bar Number 193
                                                    K.A. Rames, P.C.
                                                    2111 Company Street, Suite 3
                                                    Christiansted, VI 00820
                                                    Telephone: (340) 227-9311
                                                    Telefax: (340) 773-7282
                                                    kevin.rames@rameslaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of May, 2026, I caused a true and correct copy of the foregoing Memorandum in Support of Motion for Substitution to be delivered to Andrew C. Simpson, Esq., Law Offices of Andrew C. Simpson, PC, through the CM/ECF System of this Court.

                                                    */s/ Kevin A. Rames, Esq.*
                                                    Kevin A. Rames, Esq.