**CDISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| GINA R. DAY, MELISSA W. AAGESEN, DAVID WONG<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT W. WHITE<br><br>*Defendants.* | 1:13-cv-00044-MAK-EAH |

**PLAINTIFFS' REESPONSE TO ORDER REQUIRING SUBMISSION**

COME NOW Plaintiffs Gina R. Day, Melissa W. Aagesen, and David Wong ("Plaintiffs"), through their undersigned counsel, and respectfully submits the following response to the Court's October 2, 2026 Order requesting that Plaintiffs show cause as to why the District Court should direct the Clerk of Court to certify the January 13, 2022 Judgment. [ECF 113]. On September 2, 2026, Plaintiffs requested that the Clerk of the District Court issue a Form AO451,[1] which would allow Plaintiffs to execute on the January 13, 2022 Partial Final Judgment in the State of North Carolina, where the Judgment Debtor resides. [ECF 147]. This effort prompted this honorable Court to inquire into whether the standards for certification had been met. Certification is appropriate here because this action involves two distinct claims: (1) breach of contract as to the "BSC Loan" and (2) action for debt as to the "Amended Wong/Day Loan". *See Day v. White*, 764 Fed. Appx. 16 (3d Cir. 2019) (assigning the "BSC Loan" and "Amended Wong/Day Loan" nomenclature to Plaintiffs' claims). The January 13, 2022 final Judgment pertains to the Amended Wong/Day Loan, for which this Court's grant of summary judgment was affirmed by the Third Circuit. No just reason exists to delay certification of the judgment as to the Amended Wong/Day Loan.

[1] Clerk's Certification of a Judgment to be Registered in Another District.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On September 30, 2015, this honorable Court issued a Memorandum Opinion and Order granting summary judgment for Plaintiffs and against Defendant for certain relief under both the BSC Loan and the Amended Wong/Day Loan. [ECF 67, 66]. On June 12, 2017, this Court quantified the damage award under the Amended Wong/Day Loan and entered Judgment in the amount of $2,453,874.02 plus post-judgment interest at the statutory rate. [ECF 93, 92].

Defendant filed a timely appeal to the Third Circuit Court of Appeals [ECF 94]. On February 28, 2019, the Court of Appeals issued a judgment reversing and remanding the grant of summary judgment as to the BSC Loan and affirming the grant of summary judgment as to the Amended Wong/Day Loan. [ECF 97]

On remand, Plaintiffs amended the Complaint to correct the pleadings as to the BSC Loan, and subsequently moved for summary judgment on that claim. [ECF 111, 122]. On May 29, 2026, this Court granted summary judgment in favor of Plaintiffs on the BSC Loan. Defendant initiated an appeal [ECF 144], which the Third Circuit dismissed on August 20, 2026 for failure to file a brief. [ECF 146]. Defendant now awaits a ruling on its motion to set aside the order of dismissal as to the BSC Loan. Plaintiffs now seek to execute the Judgment on the Amended Wong/Day Loan.

## II. LEGAL AUTHORITIES

Fed. R. Civ. P. 54(b) states as follows:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Investment Group Ltd. v. Colkitt* v., 455 F.3d 195, 202 (quoting *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7-9 (1980)). The Third Circuit has set forth a list of five factors that courts are to consider in determining whether there is "no just reason for delay": (1) The relationship between the adjudicated and unadjudicated claims; (2) The possibility that the need for review might or might not be mooted by future developments in the district court; (3) The possibility that the reviewing court might be obliged to consider the same issue a second time; (4) The presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Berckeley*, 455 F. 3d at 202 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.,* 521 F.2d 360, 363 (3d Cir. 1975)).

## III. DISCUSSION

### A. A Final Judgment on The Merits Exists as To the Amended Wong/Day Loan

With respect to the Amended Wong/Day Loan, nothing remains to be decided. This Court's January 13, 2022 Judgment [ECF 113] as to the Amended Wong/Day Loan was affirmed by the Third Circuit Court of Appeals and is a final judgment. [ECF 97]. Indeed, the January 13, 2022 Order provides that "Final Judgment is entered" in favor of Plaintiffs as to the Amended Wong/Day Loan. [ECF 113]. There can be no dispute here that there has been a final judgment on the merits as to the Amended Wong/Day Loan.

### B. There is No Just Reason for Delay in Certifying the January 13, 2022 Judgment

Applying the five factors to the facts of this case, a Rule 54(b) certification as to the Judgment on the Amended Wong/Day Loan is warranted. There are no just reasons to delay certification as it would only further frustrate Plaintiffs' efforts to recover on the long-standing judgment against Defendant.

*First*, the adjudicated and unadjudicated claims are distinct. The claim concerning the Amended Wong/Day Loan is based upon Defendant's breach of a Release Agreement. *See* [ECF 97]. That breach triggered Defendant's liability under the related note and is wholly separate and apart from the claim involving the BSC Loan, which is based upon the Defendant's failure to reimburse Plaintiffs for their payment of a bank loan and his subsequent breach of a related Settlement Agreement. *See id*. No matter the disposition of the BSC Loan, the final Judgment on the Amended Wong/Day Loan will remain the same. *See Home Sav. of Am., F.S.B. v. United States,* 69 Fed. Cl. 187, 190 (2005) (finding that partial judgment was appropriate when further rulings in the case would either increase plaintiff's award or have no effect on it).

*Second*, there is no possibility that the need for review will be mooted by future developments in the district court. Any decision on the issues that remain to be decided in the district court will not be related to the BSC Loan. Moreover, the time to appeal the January 13, 2022 Judgment of the Amended Wong/Day Loan is expired. *See* FRAP 4(a). Additionally, the facts concerning the Amended Wong/Day Loan are wholly separable from the facts of the BSC Loan, which was the subject of this Court's May 29, 2026 Order. [ECF 143]. As the facts of the Amended Wong/Day Loan are wholly separate from the facts of the BSC Loan, there is no prospect for inconsistent judgments and judicial administrative interests will not be compromised.

*Third,* there is no possibility that the reviewing court might be obliged to consider the same issue a second time because the Amended Wong/Day Loan and the BSC Loan involve different

contracts. Even if Defendant's appeal is reinstated, the Third Circuit will not be forced to consider the same issue twice.

*Fourth*, there is no claim or counterclaim that could result in a set-off against the Judgment, as the Third Circuit affirmed the dismissal of the Defendant's counterclaim. [ECF 97]

*Fifth*, the miscellaneous factors, particularly delay and economic solvency considerations, favor certification. Plaintiffs have waited nearly five years to receive payment on monies rightfully owed following Defendant's failed promises over 15 years ago.[2] "Without a certification, the unjustified delay would continue." *See Waldorf v. Shuta*, 142 F.3d 601, 613 (3d Cir. 1998) (favoring certification upon consideration that plaintiff was injured 14 years earlier and had not received any compensation). Where, as here, a plaintiff seeks certification not for the purpose of appeal, but instead to collect a judgment, "many of the administrative considerations that weigh against Rule 54(b) certification, such as the fear of redundant piecemeal appellate review, are simply inapplicable. *JHNY Corp. v. Dana Corp.*, 2006 U.S. Dist. LEXIS 4013 at *3 (E.D. Pa. Jan. 25, 2006).

For the foregoing reasons, Plaintiffs respectfully submit that the January 13, 2022 Judgment should be certified.

---

[2] In addition, Plaintiffs will suffer prejudice arising from any delay in the certification of the judgment and the issuance of a writ of execution. Under Federal Rules of Civil Procedure 69(a)(1), a civil money judgment issued by the District Court of the Virgin Islands is subject to a two-tiered timeline for enforcement because the District Court must apply the procedural collection laws of the U.S. Virgin Islands. Although under Title 5 V.I.C. §31(1)(B) the absolute lifespan of a civil money judgment is twenty (20) years, there is a five (5) year execution milestone under Title 5 V.I.C. §488. If a period of five (5) years passes after the entry of judgment without a writ of execution having been issued, the judgment creditor's right to automatically issue an execution expires. If the civil money judgment lapses in this manner, Plaintiffs would be required to file a Motion under §488 seeking leave to issue an execution. The motion is required to include a verified statement confirming the parties, the date of entry, and the exact amount still owed. The Judgment Debtor would, at that point, be able to object to the motion based upon procedural bars to collection or the occurrence of post-judgment events that may affect collectability. Since the Partial Final Judgment in this cause was issued on January 13, 2022, Plaintiffs lose their absolute right to execute on the Judgment on January 12, 2027.

Date: October 8, 2026

Respectfully submitted,

*/s/ Kevin A. Rames*
Kevin A. Rames, Esq.
KaSandra N. Rogiers, Esq.
**LAW OFFICES OF K. A. RAMES, P.C.**
Suite 3, 2111 Company Street
Christiansted, St. Croix
U.S. Virgin Island 00820
Tel: (340) 773-7284
Fax: (340) 773-7282
kasandra.rogiers@rameslaw.com
kevin.rames@rameslaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that October 8, 2026, I electronically filed the **Plaintiff's Response to Order** with the Clerk of the Court using the CM/ECF system and emailed the same all counsel of record

*/s/ Kevin A. Rames*
Kevin A. Rames, Esq.